WK:DAS/BLW
F. #2020R01062

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | 1:21-cr-00417(SJ)(MMH) |
| HAI LONG ZHOU,<br>    also known as "Zangkun Zhou,"<br>SAIYIN HOU,<br>YAN XUE HUANG,<br>    also known as "Yan Xue Zhou"<br>    and "Yan Xue Li Ming,"<br>JIAN FEN YANG, | Cr. No. _____<br>(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),<br>1956(a)(2)(A), 2320(a), 2320(a)(1),<br>2320(b)(1)(A), 2323(b)(1), 2323(b)(2),<br>2 and 3551 et seq.; T. 21, U.S.C.,<br>§ 853(p)) |



                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

I.      The Trademark Counterfeiting Act of 1984

        1.      The Trademark Counterfeiting Act of 1984, as amended, criminalized trafficking in counterfeit goods. Pursuant to Title 18, United States Code, Section 2320(a)(1), it was a crime to intentionally traffic in goods and knowingly use a counterfeit mark in connection with such goods. Pursuant to Title 15, United States Code, Section 1127, a "mark" included "any trademark."

        2.      Pursuant to Title 15, United States Code, Section 1127, a trademark included "any word, name, symbol, or device, or any combination thereof . . . used by a

person . . . to identify and distinguish his or her goods . . . from those manufactured or sold by others and to indicate the source of the goods."

3. Pursuant to Title 18, United States Code, Section 2320(f)(1)(A), a "counterfeit mark" was a "spurious" mark:

(a) that was used in connection with trafficking in any goods, labels, emblems or packaging of any type or nature;

(b) that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office ("USPTO"), and in use;

(c) that was applied to or used in connection with the goods for which the mark was registered with the USPTO; and

(d) the use of which was likely to cause confusion, to cause mistake, or to deceive.

4. Pursuant to Title 18, United States Code, Section 2320(f)(5), the term "traffic" meant "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

II. <u>The Rights Holders</u>

5. The following companies (the "Rights Holders") owned trademarks, including the ones described below (collectively, the "Trademarks"):

(a) Deckers Outdoor Corporation owned "UGG" word marks, which were registered on the principal register of the USPTO under registration numbers 4234396, 4292446 and 3050925;

(b) Nike, Inc. owned "Nike" word marks, which were registered on the principal register of the USPTO under registration numbers 1325938, 1214930, 1277066, 1237469, 2104329 and 2180866, as well as an "Air Jordan" word mark, which was registered on the principal register of the USPTO under registration number 1370283;

(c) Timberland Company owned "Timberland" word marks, which were registered on the principal register of the USPTO under registration numbers 1300704, 1355531 and 2932268;

(d) Mascotte Holdings, Inc. owned a "Yeezy" word mark, which was registered on the principal register of the USPTO under registration number 5125895;

(e) Beats Electronics, LLC owned "Beats" word marks, which were registered on the principal register of the USPTO under registration numbers 3862142 and 5984571; and

(f) Apple Inc. owned "Apple" word marks, which were registered on the principal register of the USPTO under registration numbers 1078312 and 3928818.

6. The Rights Holders registered the Trademarks for use on footwear, apparel, headphones and other merchandise. The Rights Holders marked their goods with the Trademarks to distinguish them from their competitors' products and to assure the public of their quality. At no time did any of the Rights Holders authorize, ratify or acquiesce to the use of the Trademarks by the participants in the scheme described below.

III. The Defendants and Relevant Entities

7. The defendant HAI LONG ZHOU, also known as "Zangkun Zhou," was a resident of Queens, New York.

8. The defendant SAIYIN HOU was a resident of Brooklyn, New York.

4

9. The defendant YAN XUE HUANG, also known as "Yan Xue Zhou" and "Yan Xue Li Ming," was a resident of Queens, New York and was married to the defendant HAI LONG ZHOU.

10. The defendant JIAN FEN YANG was a resident of Queens, New York.



14. Yongsheng Trading USA Inc. ("Yong Sheng") was a purported gift, novelty and souvenir business located at 246-07 61st Avenue, Queens, New York. Yong Sheng was owned and operated by the defendants HAI LONG ZHOU, YAN XUE HUANG and ▇

▇



17. Glory Trading NY Inc. ("Glory Trading") was a purported toy and hobby goods and supplies wholesale business located at 160-46 24th Avenue, Queens, New York.

5

Glory Trading was owned and operated by the defendants JIAN FEN YANG ███ ███

18. K&J New Fortune Trading, Inc. ("K&J New Fortune") was an apparel, footwear and textile business located at 739 42nd Street, Brooklyn, New York. K&J New Fortune was owned and operated by the defendants SAIYIN HOU ███

IV. The Counterfeit Goods Scheme

19. In or about and between October 2019 and July 2021, within the Eastern District of New York and elsewhere, the defendants HAI LONG ZHOU, SAIYIN HOU, YAN XUE HUANG, JIAN FEN YANG, ███ together with others, participated in a scheme to traffic counterfeit goods for financial gain.

20. Yong Sheng imported generic footwear and other merchandise that resembled brand-name goods into the United States from China. The term "generic" refers to consumer products with no brand names or registered trademarks affixed to them.

21. The generic goods entered the United States through Port of New York and New Jersey facilities in Newark, New Jersey. They were subsequently delivered to the defendants HAI LONG ZHOU and ███, both of whom were associated with Yong Sheng, and to the defendants JIAN FEN YANG and ███ both of whom were associated with Glory Trading. HAI LONG ZHOU, YANG, ███ accepted delivery at workshops and storage facilities located in Queens and Long Island, New York.

22. At certain of these workshops and storage facilities, the defendants HAI LONG ZHOU, JIAN FEN YANG, ███ together with others, applied insignias, emblems, trademarks, features and other brand signifiers to the generic

6

goods, thus converting them into counterfeit branded goods, i.e., consumer goods that bore brand names or registered trademarks, but which were not created by the named brand or the trademark holder.

23. After creating the counterfeit branded goods, the defendants HAI LONG ZHOU, YAN XUE HUANG, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ together with others, sold them directly to consumers or to wholesale distributors including, but not limited to, the defendants SAIYIN HOU and ▇▇▇▇▇▇ at locations in New York and elsewhere. HOU and ▇▇▇ made payments for these goods from K&J New Fortune to Yong Sheng, Glory Trading, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

24. The estimated retail value of the counterfeit branded goods manufactured from the generic goods imported by Yong Sheng, had they been genuine branded products, was at least $130,000,000.

## COUNT ONE
(Conspiracy to Traffic in Counterfeit Goods)

25. The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

26. In or about and between October 2019 and July 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HAI LONG ZHOU, also known as "Zangkun Zhou," SAIYIN HOU, YAN XUE HUANG, also known as "Yan Xue Zhou" and "Yan Xue Li Ming," JIAN FEN YANG, ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ together with others, did knowingly and intentionally conspire to traffic in goods, to wit: boots, sneakers, slippers, other footwear, headphones and other merchandise, and to use one

7

or more counterfeit marks on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1).

(Title 18, United States Code, Sections 2320(a), 2320(b)(1)(A) and 3551 et seq.)

## COUNTS TWO THROUGH TEN
(Trafficking in Counterfeit Goods)

27. The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph

28. On or about the approximate dates set forth below, within the Eastern District of New York and elsewhere, the defendants HAI LONG ZHOU, also known as "Zangkun Zhou," SAIYIN HOU, YAN XUE HUANG, also known as "Yan Xue Zhou" and "Yan Xue Li Ming," ███ together with others, did knowingly and intentionally traffic and attempt to traffic in goods, and did knowingly use one or more counterfeit marks on and in connection with such goods, as set forth below:

| COUNT | DATE | DEFENDANT(S) | GOODS |
|---|---|---|---|
| TWO | November 24, 2020 | ███ | Counterfeit Nike sneakers |
| THREE | November 25, 2020 | HAI LONG ZHOU | Counterfeit UGG shoes |
| FOUR | December 8, 2020 | SAIYIN HOU ███ | Counterfeit UGG boots |
| FIVE | December 30, 2020 | SAIYIN HOU ███ | Counterfeit Air Jordan sneakers<br>Counterfeit UGG boots<br>Counterfeit Yeezy sneakers<br>Counterfeit Timberland boots<br>Counterfeit Nike sneakers<br>Counterfeit Nike sweatsuits |

8

| COUNT | DATE | DEFENDANT(S) | GOODS |
|---|---|---|---|
| SIX | January 6, 2021 | ███████ | Counterfeit Nike sneakers<br>Counterfeit UGG boots and slippers<br>Counterfeit Beats headphones |
| SEVEN | January 10, 2021 | HAI LONG ZHOU<br>YAN XUE HUANG | Counterfeit Air Jordan sneakers |
| EIGHT | March 16, 2021 | ███████ | Counterfeit UGG boots<br>Counterfeit Air Jordan sneakers<br>Counterfeit Nike sweatsuits<br>Counterfeit Nike sneakers |
| NINE | May 15, 2021 | HAI LONG ZHOU<br>YAN XUE HUANG | Counterfeit Air Jordan sneakers |
| TEN | July 6, 2021 | ███████ | Counterfeit Nike sneakers<br>Counterfeit UGG boots<br>Counterfeit Beats headphones<br>Counterfeit Apple headphones |

(Title 18, United States Code, Sections 2320(a)(1), 2320(b)(1)(A), 2 and 3551 et seq.)

## COUNTS ELEVEN THROUGH FOURTEEN
(Money Laundering)

29. The allegations contained in paragraphs one through 24 are realleged and incorporated as if fully set forth in this paragraph.

30. On or about the approximate dates set forth below, within the Eastern District of New York and elsewhere, the defendants HAI LONG ZHOU, also known as "Zangkun Zhou," and JIAN FEN YANG, together with others, did knowingly and intentionally transport, transmit and transfer monetary instruments and funds, to wit: United States currency,

9

from a place in the United States to and through one or more places outside the United States, to wit: China, with the intent to promote the carrying on of a specified unlawful activity, to wit: trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a), as set forth below:

| COUNT | DATE | DEFENDANT | AMOUNT | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|---|
| ELEVEN | May 6, 2020 | HAI LONG ZHOU | $90,000 | Tianxiu Import Export Group Co Ltd in Yiwu, Zhejiang, China | "Purchase Inventory" |
| TWELVE | May 27, 2020 | HAI LONG ZHOU | $150,000 | Tianxiu Import Export Group Co Ltd in Yiwu, Zhejiang, China | "Purchase Inventory" |
| THIRTEEN | September 25, 2020 | JIAN FEN YANG | $80,000 | Wenzhou Yuhong Intel Trade Co Ltd in Wenzhou, China | "Pay Invoice" |
| FOURTEEN | October 6, 2020 | JIAN FEN YANG | $30,000 | Wenzhou Yuhong Intel Trade Co Ltd in Wenzhou, China | "Pay Invoice" |

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH TEN

31. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1) of (a) any article

10

the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; (b) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offenses; and (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses, including, but not limited to:

(a) The real property and premises known as 246-07 61st Avenue, Flushing, New York 11362, title to which is held in the name of the defendants HAI LONG ZHOU and YAN XUE HUANG, and all proceeds traceable thereto; and

(b) The real property and premises known as 58-15 229th Street, Flushing, New York 11364, title to which is held in the name of the defendant ▮▮▮▮▮ ▮▮▮▮▮ and all proceeds traceable thereto.

32. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other

11

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ELEVEN THROUGH FOURTEEN

33. The United States hereby gives notice to the defendants charged in Counts Eleven through Fourteen that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to:

(a) The real property and premises known as 246-07 61st Avenue, Flushing, New York 11362, title to which is held in the name of the defendants HAI LONG ZHOU and YAN XUE HUANG, and all proceeds traceable thereto; and

(b) The real property and premises known as 58-15 229th Street, Flushing, New York 11364, title to which is held in the name of the defendant ▮▮▮▮▮▮ ▮▮▮▮, and all proceeds traceable thereto.

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No. _____

F #2020R01062
FORM DBD-34
JUN '85

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

HAI LONG ZHOU, also known as "Zangkun Zhou," SAIYIN HOU, YAN XUE HUANG, also known as "Yan Xue Zhou" and "Yan Xue Li Ming," JIAN FEN YANG,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(2)(A), 2320(a), 2320(a)(1), 2320(b)(1)(A), 2323(b)(1), 2323(b)(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

A true bill.

_____
Foreperson

Filed in open court this _____ day of _____, A.D. 20____

_____
Clerk

Bail, $ _____

Dylan A. Stern and Benjamin L. Weintraub, Assistant U.S. Attorneys
(718) 254-6213/6519